UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT F. BLECHINGER, | ) | Civ. 11-4139-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING TEMPORARY |
| | ) | RESTRAINING ORDER |
| KEVIN VANPEURSEM, | ) | AND DISMISSING CASE |
| | ) | |
| Defendant. | ) | |

Plaintiff, Robert F. Blechinger, moves ex parte for a temporary restraining order against defendant, Kevin VanPeursem. Blechinger seeks to enjoin VanPeursem from evicting him from the apartment he rents from VanPeursem, directing VanPeursem to restore the original locks to the door on his apartment, and from taking any other adverse action against him.

Blechinger previously filed a related pro se civil lawsuit against Sioux Falls Housing and Redevelopment Corporation. In that lawsuit, Blechinger sought to have the housing subsidy he previously received through the Department of Housing and Urban Development restored. Blechinger lost the subsidy when an inspection of his apartment revealed that it was not sanitary and thus did not satisfy the housing quality standards set forth in federal regulations.

Federal courts are courts of limited jurisdiction. "The burden of establishing that a cause of action lies within the limited jurisdiction of the

federal courts is on the party asserting jurisdiction[.]" *Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic*, 551 F.3d 812, 816 (8th Cir. 2009). Blechinger has not shown any basis for federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Thus, this court lacks subject matter jurisdiction. Accordingly, it is

ORDERED that Blechinger's ex parte motion for a temporary restraining order (Docket 1) is denied and his case is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Dated November 29, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE